Schettini et al., Recurrentes, *v.* El Registrador de San Germán, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Germán denegando la inscripción de una cancelación parcial de subhipoteca.

No. 556.—Resuelto en enero 23, 1923.

Cancelación Parcial de Títulos al Portador.—Para garantizar un solo título al portador, transferible por endoso, A hipotecó, entre otros inmuebles, una hipoteca constituída a su favor sobre cierta finca que luego compró, por cuya razón A, tenedor aún del título por no haberlo endosado, canceló totalmente la hipoteca desaparecida por confusión de derechos y canceló parcialmente, o sea, en cuanto al importe de la sub-hipoteca, la hipoteca constituída para garantizar el título al portador. Denegada la cancelación parcial, *se resolvió:* que habiéndose satisfecho la cantidad de que responde la sub-hipoteca, procede y debe ordenarse totalmente la liberación de la sub-hipoteca, cancelando parcialmente la hipoteca que garantiza el título al portador, inutilizando dicho título en la forma que lo hizo el notario en la escritura, o sea, estampando nota a su calce haciendo constar la cancelación en cuanto a la sub-hipoteca y estampando, además, en dicho título su firma y rúbrica y el sello de su notaría y devolviéndolo en esa forma a la otorgante.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. B. Forés.*

El registrador recurrido no compareció.

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

La recurrente en este caso canceló con el consentimiento de su esposa cierta subhipoteca que garantizaba un título al portador y el cual a su vez estaba garantizado por otros bienes.

Presentada al registro la escritura de cancelación, el registrador denegó su inscripción mediante la siguiente nota que dice:

"Denegada la inscripción de cancelación parcial de subhipoteca a que se refiere el documento que precede que es la escritura No. 259 otorgada en esta ciudad el 20 de noviembre de 1922 ante el Notario Benito Forés Morazo, por la razón siguiente: porque el procedimiento empleado en la misma por los interesados para efectuar dicha cancelación, es incompatible con el preceptuado en el artículo 82 de la Ley Hipotecaria que no autoriza la cancelación de hipotecas en garantía de títulos trasmisibles por endoso de una manera parcial sino totalmente, no siendo posible que por voluntad de los interesados puedan fijarse reglas distintas para llevar a efecto la cancelación de dicha clase de títulos. Y se ha extendido anotación preventiva durante el término de 120 días a favor de Matilde Schettini en lugar de la cancelación solicitada, al folio 171 del tomo 21 de Maricao, finca No. 861, anotación letra A. Artículo 82 de la Ley Hipotecaria, Resoluciones de la Dirección de los Registros de 30 de Septiembre de 1890, 3 de Febrero de 1898 y 9 de noviembre de 1908. San Germán noviembre 29 de 1922."

No conforme con la nota la recurrente ha interpuesto el presente recurso solicitando su revocación.

De los hechos resulta que Matilde Schettini y Gaztambide, recurrente, acogiéndose al derecho que le concede la ley de marzo 7 de 1912 enmendando los artículos 153 de la Ley Hipotecaria y 132 del reglamento para su ejecución, constituyó hipoteca sobre varios bienes y derechos reales para garantizar un solo título al portador, sin determinación específica del acreedor, otorgándolo a la orden de la persona a cuyo favor pudiera ser transferido o endosado el título. Entre los derechos reales se encontraba el de una hipoteca que había sido constituída a favor de Matilde Schettini por Juan Benvenuti y Olivari sobre cierta finca rústica, respondiendo ese derecho de $950 de capital y de $50 de costas e inscribiéndose la subhipoteca en el registro. El deudor Benvenuti vendió la finca hipotecada a la recurrente y si bien

quedó cancelada la hipoteca por confusión de acreedor y dueño, no podía cancelarse porque el crédito estaba subhipotecado en unión de otros bienes para responder al título al portador del cual se ha hecho referencia. La señora Schettini, tenedora de dicho título por no haberlo endosado, cancela totalmente la subhipoteca de la hipoteca que antes se menciona exhibiendo el título, el cual se inutiliza por el notario, estampando nota a su calce, haciendo constar la cancelación:

El artículo 82 de la Ley Hipotecaria que cita el registrador, en su párrafo 4o. dice:

"Las inscripciones hechas para responder de cantidades representadas por títulos transmisibles por endoso, se cancelarán presentándose la escritura otorgada por los que hayan cobrado los créditos, en la cual debe constar haberse inutilizado en el acto de su otorgamiento los títulos endosables, o solicitud firmada por dichos interesados y por el deudor, a la cual se acompañen, taladrados, los referidos títulos.   *   *   *."

El párrafo anterior dispone las formas en que se autoriza la concelación de inscripciones hechas en virtud de títulos transmisibles por endoso, pero esta disposición de la ley no determina si tales cancelaciones sólo pueden hacerse de un modo total o parcial.   Esta determinación había sido ya objeto de artículos anteriores.   El artículo 78 dice:

"Art. 78.—La cancelación de las inscripciones y anotaciones preventivas podrá ser total o parcial."

Y el artículo 80, como consecuencia del anterior, dispone:

"Art. 80.—Podrá pedirse, y deberá decretarse en su caso, la cancelación parcial:

"1º. Cuando se reduzca el inmueble objeto de la inscripción o anotación preventiva.

"2º. Cuando el derecho inscrito se reduzca a favor del dueño de la finca gravada."

En relación directa y como complemento del No. 2 de este último artículo, el 135 del reglamento dice:

"Art. 135.—Se considerará reducido el derecho inscrito a favor del dueño de la finca gravada ·para los efectos del número 2º. de dicho art. 80:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"Segundo: Cuando se disminuya la cuantía del derecho inscrito por efecto natural del contrato que diera causa a la inscripción, como sucede cuando el deudor hipotecario paga una parte de su crédito, haciéndolo constar en debida forma, &ast; &ast; &ast;.''

Según se desprende de las disposiciones transcritas, la Ley Hipotecaria autoriza en términos generales las cancelaciones parciales cuando el derecho inscrito se reduzca a favor del dueño de la finca y no encontramos prohibición alguna para que aquellas disposiciones de la ley no se puedan aplicar a la hipoteca constituída para garantizar obligaciones transferibles por endoso o títulos al portador. El precepto del artículo 80 citado debe interpretarse en armonía con el 82 y, por tanto, las formalidades que deben cumplirse y que prescribe el último artículo para cancelar tales obligaciones o títulos al portador no deben confundirse con el precepto substantivo del primero que ordena la cancelación total o parcial de las mismas.

La dificultad ha podido surgir tratándose de varios acreedores y que unos consientan y otros no en la cancelación parcial cuando la hipoteca comprenda diversas fincas y se haya fijado la responsabilidad de cada una. La cuestión, dicen los autores Galindo y Escosura, sería determinar si podrá cancelarse la hipoteca sobre algunas fincas cuya responsabilidad se hubiere satisfecho por el deudor, o si la cancelación se hará reduciendo únicamente el crédito. Ellos resuelven la duda y se expresan de este modo:

"Opinamos por lo último, porque todas y cada una de las fincas se hipotecaron a favor de todos y cada uno de los acreedores; y mientras haya uno solo que no preste su consentimiento, subsiste su

derecho sobre todas las fincas, si bien sólo por la cantidad que se le adeude.

"La doctrina de la Res. de 5 Feb. 1878, es, en nuestra creencia, aplicable, no sólo al caso que la motivó, sino también al de extinción parcial del crédito hipotecario para garantir obligaciones endosables o al portador si se acredita el pago de algunas de ellas en la forma prevenida en el art. 82 de la Ley." Galindo, Legis. Hip., tomo 3, pág. 17.

De este comentario se deduce de manera clara que refiriéndonos a un solo acreedor y comprendiendo la hipoteca varias fincas, podrá cancelarse la hipoteca liberando la finca o fincas cuya responsabilidad se haya satisfecho. La consecuencia es que en el presente caso de cancelación parcial no pueden surgir las dudas de cuando existe más de un acreedor. Se trata de un solo acreedor y la hipoteca se haya constituída sobre una subhipoteca y otras fincas que garantizan el título al portador fijándose, como es consiguiente, la cantidad de que cada uno de esos bienes responde. En tales condiciones y habiéndose satisfecho la cantidad de que responde la subhipoteca procede y debe ordenarse totalmente la liberación de la subhipoteca cancelando parcialmente la hipoteca que garantiza el título al portador inutilizando dicho título en la forma que lo hizo el notario en la escritura, o sea, estampando nota a su calce haciendo constar la cancelación en cuanto a la subhipoteca y estampando, además, en dicho título su firma y rúbrica y el sello de su notaría y devolviéndolo en esta forma a la otorgante. De este modo, y como un solo título al portador es que garantiza la hipoteca, quedan protegidos los derechos de un tercero quien al adquirir el título se informará del mismo, o sea, de la cancelación parcial que cualquier endosante hubiera otorgado.

Por todo lo que antecede la nota debe ser revocada.

*Revocada la nota y ordenada la cancelación.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.